UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIABNEL ANTONETTI,

                              Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                              04-CV-6575L

                              v.

JOANNE B. BARNHART,

                              Defendant.
_____

On February 23, 2006, plaintiff, a prevailing party in this action for Social Security benefits, moved for an order awarding fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. #14). Plaintiff's attorney, the Empire Justice Center, Catherine M. Callery, of counsel, ("EJC"), seeks EAJA fees in the amount of $6,126.64, based on approximately 39 hours of attorney time.

The Commissioner does not challenge EJC's right to an award of EAJA fees, but claims that the amount sought is excessive and should be reduced by approximately 24 hours. Specifically, the Commissioner argues that EJC should not be compensated for any time spent after plaintiff rejected the Commissioner's offer to remand the case for further administrative proceedings.

Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to

establish the reasonableness of both. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

To determine whether plaintiff unreasonably opposed the Commissioner's offer to remand, the Court must examine the merits of the underlying case. That is because:

> [i]f a record demonstrates that a plaintiff could have reasonably expected to obtain a reversal, opposition by plaintiff to an offer to remand would not be excessive even if the court ultimately disagreed with plaintiff's arguments and remanded the case. Similarly, if by opposing a motion by the government to remand a case, a plaintiff could reasonably hope to obtain a remand order with significant specific directives guiding the review beyond those suggested by the Commissioner, the work associated with such an opposition would be reasonably expended and the results obtained would be significant.

*McLaurin v. Apfel*, 95 F.Supp.2d 111, 117 (E.D.N.Y.2000).

Here, after the action was commenced but before the Commissioner filed her answer, the Commissioner offered to stipulate to a voluntary remand in order to: evaluate the evidence regarding plaintiff's mental abilities and consider whether any mental Listing is met or equaled; reevaluate plaintiff's speech problem; obtain clean copies of certain exhibits; and, if a new hearing was required, attempt to ensure that all questions and testimony were audible for later transcription. (*See* Commissioner's Memorandum of Law in Support of Motion to Remand, Dkt. #6, at 6). Plaintiff rejected this remand offer.

The Commissioner then moved this Court to remand the case for further administrative proceedings. (Dkt. #6). The Commissioner conceded certain errors by the ALJ, but continued to defend other aspects of the ALJ's analysis. For instance, the Commissioner continued to call into question the validity of many of the IQ scores in the record, emphasized the opinion of a non-examining, reviewing physician over those of the examining physicians, and denied that plaintiff's secondary speech impairment was "severe" within the meaning of the Act.

Plaintiff opposed remand for further proceedings, and cross-moved for judgment on the pleadings to remand solely for the calculation and payment of benefits. (Dkt. #8). Plaintiff argued, *inter alia*, that the IQ scores in the record demonstrated that his condition met or equaled the

Commissioner's Listing for mental retardation under sections 12.05B and 12.05C, that plaintiff's secondary speech impairment was "severe," and that significant non-exertional limitations precluded the ALJ from applying the Medical-Vocational Guidelines as a basis for denying disability.

On November 18, 2005, the Court granted the Commissioner's motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Antonetti v. Barnhart*, 399 F.Supp.2d 199 (W.D.N.Y.2005). In the Decision and Order, the Court agreed with the Commissioner that the ALJ should, in the first instance, reevaluate the evidence in the record regarding plaintiff's IQ scores, and should make other factual findings that were based on a proper application of the Commissioner's regulations.

This is not a case, however, where the plaintiff's opposition to the remand offer "resulted in no appreciable advantage to him" or one in which "he would have attained the same result if he accepted the offer for remand rather than opposing it." *McKay v. Barnhart*, 327 F.Supp.2d 263, 268 (S.D.N.Y. 2004). To the contrary, plaintiff's opposition to remand brought to the Court's attention several other errors by the ALJ that the Commissioner failed to address in her motion, errors which should not be repeated on remand. The Court agreed with plaintiff in several important respects regarding the proper standards and regulations that should be applied on remand.

For instance, the Court held that there was substantial evidence of the onset of mental retardation before the age of 22; that the ALJ should follow the directives of section 12.00D6c regarding multiple IQ scores; that the appropriate test to apply when determining whether a secondary impairment imposed a significant work-related limitation under Listing 12.05C is the "severity test" employed by the First, Eighth, and Tenth Circuits; and that the ALJ should seriously consider whether the evidence in the record that plaintiff had moderate and marked limitations in fourteen out of twenty areas of functioning precluded reliance on the Guidelines to deny benefits.

Through his opposition to remand, therefore, plaintiff obtained favorable and "significant specific directives guiding the review [on remand] beyond those suggested by the Commissioner." *McLaurin*, 95 F.Supp.2d at 117. I disagree with the Commissioner's argument that "plaintiff did not

- 3 -

make any contribution to the ultimate relief." (Commissioner's Memorandum of Law in Opposition to Request for Attorney's Fees, Dkt. #16, at 6).

Consequently, the time spent by plaintiff opposing the Commissioner's motion to remand was reasonable and should be compensated under the EAJA. *Ferguson v. Apfel*, No. CV-98-3728 DG, 2000 WL 709018, *4 (E.D.N.Y. Apr. 17, 2000) (awarding plaintiff's counsel EAJA fees where plaintiff opposed Commissioner's motion to remand because the "summary of the district court proceedings reveals that plaintiff's arguments for reversal were not specious or meritless."); *Pazo v. Apfel*, No. 98-CV-5535, 2001 U.S. Dist. LEXIS 17423, *5-*6 (E.D.N.Y. Mar. 31, 2001) (awarding EAJA fees where plaintiff opposed remand because plaintiff was successful in "securing a remand order with greater safeguards."); *cf. Penrod v. Apfel*, 54 F.Supp.2d 961 (D.Ariz. 1999) (awarding EAJA fees where plaintiff's opposition to remand was "legally sound and not at all frivolous. The fact that the Court ultimately did not adopt her reasoning is not a basis for denying EAJA fees."); *Uphill v. Barnhart*, 271 F.Supp.2d 1086, 1092 (E.D. Wisc.2003) ("If counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to purse that remedy.").

I agree, however, with the Commissioner that the 11.8 hours counsel spent preparing the EAJA petition is somewhat excessive. Although the issues presented here were more complex because the case involved an offer to remand, I find that more than 8 hours of attorney time spent on the application is unreasonable, and reduce by 3.8 hours the time billed in 2006.

EJC should be compensated for a total of 35.5 hours[1] of attorney time (representing 1.3 hours in 2004; 27.3 hours in 2005; and 6.9 hours in 2006), at the hourly rates[2] set forth in paragraph 10 of

---

[1] Plaintiff sought fees for "39.18 hours" of attorney time. A review of the time sheets submitted to the Court, however, reveals that EJC bills in six-minute intervals, or one-tenth of an hour segments. Thus, 39 hours and 18 minutes equals 39.*3* hours, not 39.*18* hours, as requested by plaintiff. 39.3 hours reduced by 3.8 excessive hours equals 35.5 hours of compensable attorney time.

[2] The Commissioner does not object to the following rates requested by EJC, which have
(continued...)

Callery's affidavit, for an EAJA award of attorneys fees in the amount of $5575.98.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #14), is granted in part. EJC is entitled to fees in the amount of $5575.98. The award is to be made payable to the Empire Justice Center, counsel for plaintiff.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 10, 2006.

---

[2](...continued)
been adjusted for the cost of living increase since Congress amended the EAJA in 1996 to allow compensation at the rate of $125.00 per hour: $151.64 for 2004; $156.79 for 2005; and 159.20 for 2006.